Tracey A. Werner, State Bar No. 315876
Alexis R. Palma, State Bar No. 365033
**MAIRE, POWELL & WERNER**
2851 Park Marina Drive, Suite 300
Redding, CA 96001-2813
(530) 246-6050 / 246-6060 (fax)
twerner@maire-law.com
apalma@maire-law.com

Attorneys for Defendants
CITY OF REDDING, MIKE
DIMATTEO and BRETT LEONARD

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRENDA RUSCIGNO<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDDING; MIKE DIMATTEO; BRETT LEONARD; and DOES 1-10, inclusive<br><br>Defendant(s).<br>______________________________/ | CASE NO.: 2:26-CV-02972-TLN-ICD<br><br>**DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants CITY OF REDDING, MIKE DIMATTEO, AND BRETT LEONARD (hereinafter "Defendants") in answer to Plaintiff BRENDA RUSCIGNO's Complaint for Damages (hereinafter "Complaint") filed on September 2, 2026 (ECF 1), admit, deny, and allege as follows:

**<u>COMPLAINT FOR DAMAGES</u>**

1. In response to paragraph 1 of the Complaint, there are no allegations against these Defendants which require a response.

## INTRODUCTION

2. In response to paragraph 2 of the Complaint, Defendants deny the allegations.

## PARTIES

3. In response to paragraph 3 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation.

4. In response to paragraph 4 of the Complaint, Defendants admit that the City of Redding is a legal entity established under the laws of the State of California. Defendants admit that the City of Redding employed Defendants Mike DiMatteo and Brett Leonard. The residence of Mike DiMatteo and Brett Leonard is confidential under California law. The remaining allegations in this paragraph do not require a response from Defendants.

5. In response to paragraph 5 of the Complaint, Defendants lack sufficient knowledge or information at this time to either admit or deny these allegations.

6. In response to paragraph 6 of the Complaint, Defendants admit that Mike DeMatteo and Brett Leonard were officers and/or employees or agents of the CITY and subject to oversight and supervision. As to the remaining allegations, Defendants lack sufficient knowledge or information to either admit or deny the allegations.

7. In response to paragraph 7 of the Complaint, Defendants lack sufficient knowledge or information at this time to either admit or deny these allegations.

8. In response to paragraph 8 of the Complaint, Defendants lack sufficient knowledge or information at this time to either admit or deny these allegations.

9. In response to paragraph 9 of the Complaint, there are no allegations against these Defendants which require a response.

MAIRE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

## JURISDICTION AND VENUE

10. In response to paragraph 10 of the Complaint, there are no allegations against these Defendants which require a response.

11. In response to paragraph 11 of the Complaint, there are no allegations against these Defendants which require a response.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. In response to paragraph 12 of the Complaint, there are no allegations against these Defendants which require a response.

13. In response to paragraph 13 of the Complaint, Defendants admit that on September 4, 2024, they responded to a call for service involving a disturbance between Plaintiff and her neighbor, in which Plaintiff had brandished a knife and threatened to kill him. Probable cause was established to arrest Plaintiff on felony charges, and a warrant was issued for her arrest. Plaintiff barricaded herself in her trailer and refused to surrender. Officers attempted to obtain compliance and cooperation through various means, including but not limited to verbal communication and various negotiation techniques. Eventually, officers did attempt to use tear gas to compel Plaintiff to exit her trailer, but it was unsuccessful and Plaintiff remained barricaded. When Plaintiff filed opened the door and appeared to begin exiting, she had a knife in hand. Plaintiff refused commands to drop her knife and get on her stomach. Multiple rounds were fired from a less lethal shotgun, but Plaintiff remained a threat, ultimately compelling the use of a K9. Defendants deny that they used force to escalate the situation with Plaintiff. Defendants admit that the incident occurred in front of recreational vehicle parked at the trailer park on Campers Court in Redding, California. Defendants were employees

MAIRE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

of the Redding Police Department at the time of the incident. Unless specifically admitted, the remaining allegations herein are denied.

14. In response to paragraph 14 of the Complaint, Defendants admit that Plaintiff did not dropped the knife at some point during the interaction with Redding Police Department, but deny that Plaintiff did not pose a threat. Defendants lack sufficient information at this time to either admit or deny the allegations the allegations regarding whether Plaintiff physically injured anyone prior to being shot with a less lethal shotgun. Unless specifically admitted, Defendants deny each and every other remaining allegation stated herein.

15. In response to paragraph 15 of the Complaint, Defendants deny the allegations.

16. In response to paragraph 16 of the Complaint, Defendants lack sufficient information at this time to either admit or deny the allegations.

17. In response to paragraph 17 of the Complaint, Defendants lack knowledge or information sufficient regarding Plaintiff's mental state at the time of the incident, but to the extent it is true Plaintiff was experiencing a mental health crisis, Defendants deny that it should have been apparent to a reasonable officer under similar circumstances.

18. In response to paragraph 18 of the Complaint, Defendants deny the allegations.

19. In response to paragraph 19 of the Complaint, Defendants deny the allegations.

**FIRST CLAIM FOR RELIEF**

20. In response to paragraph 20 of the Complaint, there are no allegations against these Defendants which require a response.

MAIRE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

21. In response to paragraph 21 of the Complaint, Defendants deny that the use of force was unjustified. Defendants admit Defendants DiMatteo and Leonard acted within the course and scope of their employment with Redding Police Department and under the color of law during the encounter with Plaintiff on September 4, 2024. Defendants deny all remaining the allegations.
22. In response to paragraph 22 of the Complaint, Defendants deny the allegations.
23. In response to paragraph 23 of the Complaint, Defendants lack knowledge or information to either admit or deny the allegations.
24. In response to paragraph 24 of the Complaint, Defendants deny the allegations.
25. In response to paragraph 25 of the Complaint, Defendants admit that Plaintiff dropped the knife at some point during the encounter. Defendants lack knowledge or information sufficient to either admit or deny the allegations regarding whether Plaintiff had physically injured anyone prior to the use of force against her. Defendants deny that Plaintiff did not pose a threat at the time force was used. Unless specifically admitted, the remaining allegations in this paragraph are denied.
26. In response to paragraph 26 of the Complaint, Defendants lack sufficient knowledge or information regarding Plaintiff's mental health condition at the time of the incident but, to the extent she was experiencing a mental health crisis, Defendants deny that it should have been apparent to a reasonable officer under similar circumstances. Defendants deny all remaining allegations in this paragraph.
27. In response to paragraph 27 of the Complaint, Defendants deny the allegations.
28. In response to paragraph 28 of the Complaint, Defendants deny the allegations.
29. In response to paragraph 29 of the Complaint, Defendants deny the allegations.

MAIRE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

30. In response to paragraph 30 of the Complaint, there are no factual allegations that require a response.

31. In response to paragraph 31 of the Complaint, there are no factual allegations that require a response.

**SECOND CLAIM FOR RELIEF**

32. In response to paragraph 32 of the Complaint, there are no factual allegations that require a response.

33. In response to paragraph 33 of the Complaint, Defendants deny the allegations.

34. In response to paragraph 34 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny this allegation.

35. In response to paragraph 35 of the Complaint, Defendants deny the allegations.

36. In response to paragraph 36 of the Complaint, Defendants deny the allegations.

37. In response to paragraph 37 of the Complaint, Defendants deny the allegations.

38. In response to paragraph 38 of the Complaint, Defendants deny the allegations.

**THIRD CLAIM FOR RELIEF**

39. In response to paragraph 39 of the Complaint, there are no factual allegations that require a response from these Defendants.

40. In response to paragraph 40 of the Complaint, Defendant DiMatteo and Leonard admit that they acted under the color of law when they used force against Plaintiff on September 4, 2024. Defendants deny that they used excessive or unreasonable force against Plaintiff. Defendants admit that Plaintiff did not have a knife in her hand during the entire encounter, but deny that Plaintiff did not pose a threat, and deny that the

MAIRE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

force used was unreasonable based on the totality of the circumstances. Except as specifically admitted herein, all remaining allegations are denied.

41. In response to paragraph 41 of the Complaint, Defendants lack sufficient knowledge or information to either admit or deny the allegations at this time.

42. In response to paragraph 42 of the Complaint, Defendants lack sufficient knowledge or information to either admit or deny the allegations at this time.

43. In response to paragraph 43 of the Complaint, Defendants lack sufficient knowledge or information to either admit or deny the allegations at this time.

## PRAYER FOR RELIEF

44. In response to paragraph A in the prayer for relief in the Complaint, there are no factual allegations requiring a response.

45. In response to paragraph B in the prayer for relief in the Complaint, there are no factual allegations requiring a response.

46. In response to paragraph C in the prayer for relief in the Complaint, there are no factual allegations requiring a response.

47. In response to paragraph D in the prayer for relief in the Complaint, there are no factual allegations requiring a response.

48. In response to paragraph E in the prayer for relief in the Complaint, there are no factual allegations requiring a response.

49. In response to paragraph F in the prayer for relief in the Complaint, there are no factual allegations requiring a response.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

MAIRE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

50. In response to Plaintiff's Demand for Jury Trial on Page 11 of the Complaint, there are no factual allegations requiring a response.

## AFFIRMATIVE DEFENSES

51. PLAINTIFF is barred by the applicable limitations period set forth in the California Code of Civil Procedure, including, but not limited to, Sections 335.1 and 342.
52. DEFENDANTS DIMATTEO and LEONARD are entitled to qualified immunity from liability because they did not violate PLAINTIFF's constitutional rights. Alternatively, if they were found to have violated Plaintiff's rights, there was no clearly established precedent stating that their conduct was unconstitutional under the circumstances.
53. DEFENDANT CITY OF REDDING is immune from punitive damages under 42 U.S.C. §1983.
54. PLAINTIFF failed to state a cause of action upon which relief may be granted.
55. PLAINTIFF failed to mitigate her damages.
56. All claims are barred because DEFENDANTS acted in lawful self-defense.
57. PLAINTIFF'S claims for punitive or exemplary damages violates DEFENDANTS DIMATTEO AND LEONARD rights to procedural due process, substantive due process, and protection from "excessive" fines as guaranteed by the Fourteenth Amendment of the United States Constitution, and Cal. Const. art. I, §7.
58. Defendant CITY OF REDDING is not vicariously liable under 42 U.S.C. §1983 for the acts of its employees. No CITY employee inflicted a constitutional injury on PLAINTIFF. No official with final policymaking authority knew of and specifically approved both the challenged conduct and the basis for it.

MAIRE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

59. DEFENDANTS promptly provided and/or summoned medical assistance for PLAINTIFF and thereby discharged any constitutional obligation to provide medical aid.

60. PLAINTIFF's damages were the result of unrelated, pre-existing, or subsequent conditions unrelated to DEFENDANT'S conduct.

61. California public entities are immune from liability for punitive damages. Gov. Code §818.

62. Any force used by DEFENDANTS was reasonable and permissible under California Penal Code §835a.

63. This action is, or may be, barred as a matter of law by the *Heck* Doctrine because Plaintiff has a criminal case pending in Shasta County Superior Court arising from the same set of operative facts. The validity of Plaintiff's conviction in that case, if any, may be challenged by success in the instant action, if any.

64. To the extent Plaintiff asserts any other claims or contentions not specifically addressed herein above, Defendants generally and specifically denies each and every remaining allegation and/or claim.

## DEFENDANTS' PRAYER FOR RELIEF

Wherefore, DEFENDANTS request the following relief:

1. That PLAINTIFF's Complaint against these answering DEFENDANTS be dismissed in its entirety without leave to amend;

2. That DEFENDANTS be dismissed from this matter with prejudice;

3. That a judgment of dismissal be entered in favor of these DEFENDANTS and against PLAINTIFF;

MAIRE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

4. That PLAINTIFF take nothing by way of her Complaint;

5. That DEFENDANTS be awarded their costs and attorneys' fees with respect to this action; and

6. For such other relief as this Court determines to be just and equitable.

**DEFENDANTS' DEMAND FOR JURY TRIAL**

DEFENDANTS demand that all issues of fact in this matter be tried by and before a jury to the extent provided by law.

Dated: 11/12/2026

**MAIRE, POWELL & WERNER**

*/s/ Tracey A. Werner*
TRACEY A. WERNER
ALEXIS R. PALMA
Attorneys for Defendants
CITY OF REDDING, MIKE DIMATTEO, and BRETT LEONARD

MAIRE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

Re: *Brenda Ruscigno vs. City of Redding, et al.*
Eastern District Case No. 2:26-CV-02972-TLN-ICD

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and employed in Shasta County, California at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within action; my business address is 2851 Park Marina Drive, Suite 300, Redding, California 96001.

On 11/12/2026, I served the document(s) entitled **DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** on the interested parties in this action as stated below:

**SEE ATTACHED SERVICE LIST**

____ **(BY MAIL)**: I deposited such envelope in the mail at Redding, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Redding, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

____ **(VIA OVERNIGHT MAIL)**: I deposited such envelope to be placed for collection and handling via FED EX following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for FED EX. On the same day that material is placed for collection, it is picked up by FED EX at Redding, California.

____ **(VIA ELECTRONIC MAIL)**: By transmitting a true copy of thereof to the electronic mail addresses as indicated below.

____ **(BY HAND DELIVERY)**: I caused to be delivered by hand each sealed envelope to the addressee(s) mentioned in the attached service/mailing list.

__X__ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on November 12, 2026, at Redding, California.

*/s/ Tracey Werner*
TRACEY WERNER

MAIRE, POWELL & WERNER
2851 Park Marina Dr. Ste. 300
Redding, CA 96001-2813
(530) 246-6050

Re: *Brenda Ruscigno vs. City of Redding, et al.*
Eastern District Case No. 2:26-CV-02972-TLN-ICD

**SERVICE LIST**

Dale K. Galipo
Eric Valenzuela
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
(818) 347-3333 / Fax: (818) 347-4118
dalekgalipo@yahoo.com
evalenzuela@galipolaw.com
***Attorneys for Plaintiff***
***Brenda Ruscigno***